IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DAQUIRI MOSS | § | |
| v. | § | CIVIL ACTION NO. 5:21cv122 (consolidated with 5:21cv124) |
| NEW BOSTON POLICE DEPARTMENT, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Daquiri Moss, a prisoner confined in the Bowie County Annex proceeding *pro se*, filed these consolidated lawsuits complaining of alleged violations of his constitutional rights. The lawsuits were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On January 3, 2022, Plaintiff was ordered to pay an initial partial filing fee of $5.00, pursuant to 28 U.S.C. §1915(b) (docket no. 9). He received a copy of this order on January 5, 2022, but to date has not complied, nor has he responded in any way.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. Id., *citing* Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 831 (1962). Plaintiff's failure to prosecute his case is demonstrated by his failure to pay the initial partial filing fee as ordered by the Court, or to show good cause for his failure to do so.

Plaintiff's failure to pay the initial partial filing fee or to show good cause for the failure to do so is not an action which threatens the judicial process, rendering dismissal with prejudice

unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. The incidents forming the basis of the lawsuit occurred on September 14, 2020, giving Plaintiff ample time in which to re-file his lawsuit, should he choose to do so, within the two-year limitations period. Upon consideration of all relevant factors, the Court has determined the interests of justice are best served by a dismissal of this lawsuit without prejudice.

RECOMMENDATION

It is accordingly recommended the above-styled consolidated civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. See Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**SIGNED this 28th day of March, 2022.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE